# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JODEE AN WALLACE,**

                **Petitioner,**

        v.                                      CASE NO. 18-3061-SAC

**SALINE COUNTY SHERIFF'S DEPARTMENT,**

                **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus. Petitioner commenced this action to challenge pending charges on the ground that she was not timely returned to Kansas under the Interstate Agreement on Detainers Act (IADA).

A review of on-line records maintained by the state courts shows that shortly after she commenced this action, petitioner entered a plea on March 23, 2018, in Case No. 2016-CR-000779 in the District Court of Saline County, Kansas. No appeal was taken[1].

In a status report to the Court, petitioner acknowledged her entry of a guilty plea.

### Discussion

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of a guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Likewise, the entry of a guilty plea waives any violations of the IADA. *See, e.g., Mansfield v. Carter*, 2019 WL 1186864 (M.D. Ala.

---

[1] *See* www/Kansas.gov/countyCourts/search/records.

Jan. 30, 2019)(noting petitioner's failure to preserve IADA claim in guilty plea and failure to appeal); *Mundo v. Holland*, 2016 WL 4191897 (D.D. Cal. Aug. 8, 2016)("the Court notes that Petitioner waived his claim of a violation of the IADA by entering his guilty plea…."); and *Na'im v. Thaler*, 2013 WL 1858550(S.D. Tex. May 1, 2013)("a defendant who pleads guilty thereby waives all alleged violations of the IADA").

Here, even if petitioner reserved the IADA claim in her guilty plea, she faces the additional procedural hurdle of her failure to exhaust her claim by presenting it in the state appellate courts. The exhaustion requirement in habeas corpus petitions filed by state prisoners, whether brought under 28 U.S.C. 2254 or 28 U.S.C. § 2241. *Montez v. McKinna*, 018 F.3d 862, 866 (10th Cir. 2000).

### Order to Show Cause

For the reasons set forth, the Court directs petitioner to show cause why this matter should not be dismissed due to her entry of a guilty plea and due to her failure to exhaust the claim by presenting it in the state courts. The failure to file a timely response will result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **November 15, 2019,** to show cause why this matter should not be dismissed.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 5) is granted.

**IT IS SO ORDERED.**

DATED: This 22nd day of October, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge